UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL CEVALLOS,<br><br>    Plaintiff,<br><br>    v.<br><br>OFFICE OF COUNTY COUNSEL, et al.,<br><br>    Defendants. | Case No. 15-cv-01801-EDL<br><br>**ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 1 |

Plaintiff Michael Cevallos filed his complaint and Application to Proceed In Forma Pauperis ("IFP Application") on April 21, 2015. On April 24, 2015, this Court GRANTED Plaintiff's IFP Application but reserved its determination of compliance with 28 U.S.C. § 1915(e)(2)(B). On April 30, 2015, Plaintiff consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).[1] For the reasons set forth below, Plaintiff's complaint is dismissed with leave to amend.

Under 28 U.S.C. § 1915(a), "[a]ny court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees and costs or security therefor, by a person who makes affidavit that he is unable to pay such costs or give security therefor." The court may dismiss a case sua sponte if the court determines that the party applying for in forma pauperis status has filed a frivolous action or that the action fails to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2); Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989).

---

[1] To the extent that this order is dispositive, the Court does not require the consent of Defendants because Defendants have not been served and therefore are not parties under the meaning of 28 U.S.C. § 636(c). See Ornelas v. De Frantz, 2000 WL 973684, *2, n.2 (N.D. Cal. 2000) (citing Neals v. Norwood, 59 F.3d 530, 532 (5th Cir. 1995) (magistrate judge had jurisdiction to dismiss prisoner's civil rights action without consent of the defendants because the defendants had not been served yet and therefore were not parties)).

1  Dismissal on these grounds is often made sua sponte prior to the issuance of process, so as to spare
2  prospective defendants the inconvenience and expense of answering such complaints. Neitzke v.
3  Williams, 490 U.S. 319, 324 (1989).

4      Plaintiff's complaint does not make any clear claims against any Defendant and is largely
5  unintelligible.  While it appears that Plaintiff alleges a number of claims stemming from violations
6  of his constitutional rights, the factual bases for each claim and the Defendant(s) against which
7  each claim is asserted are unclear.  In sum, Plaintiff's complaint fails to include a "short and plain
8  statement of the claim showing that the pleader is entitled to relief" as required by Federal Rule of
9  Civil Procedure 8(a)(2).  Therefore, Plaintiff's complaint is dismissed.

10      Plaintiff is granted leave to file an amended complaint.  Any amended complaint must be
11  filed by May 28, 2015, and should clearly state Plaintiff's factual allegations and make it plain
12  which allegations and causes of action relate to which defendants.  Plaintiff may wish to seek
13  assistance from the Legal Help Center, a free service of the Volunteer Legal Services Program, by
14  calling (415) 782-8982 or signing up for an appointment on the 15th Floor of the Courthouse,
15  Room 2796. At the Legal Help Center, Plaintiffs may speak with an attorney who may be able to
16  provide basic legal help, but not legal representation. The Court also urges Plaintiffs to obtain a
17  copy of the Pro Se Handbook, available free of charge from the Court's website
18  (www.cand.uscourts.gov) or in the Clerk's Office on the 16th Floor, 450 Golden Gate Avenue, San
19  Francisco, CA.

20  **IT IS SO ORDERED.**

21  Dated: May 7, 2015

                              ELIZABETH D. LAPORTE
                              United States Magistrate Judge